Rivera et al., Plaintiffs and Appellants, *v.* Sanz Cintrón, Defendant and Appellee.

### Appeal from the District Court of Arecibo in Partition Proceedings.

No. 3186.—Decided February 18, 1925.

Partition—Minors—Debts—Authorization of Court—Alienation—Conveyance—Revendication.—When a partition is made of an estate in which minors have interests and parts of it are awarded for the payment of debts without previous authorization of court, such award is an alienation within the sanction of the law and for the reason that there was no authorization of court the minors can maintain an action of revendication to recover their interests in the property so alienated. *Longpré* v. *Díaz*, 237 U. S. 512; *Vázquez* v. *Santalís*, 26 P. R. R. 617.

The facts are stated in the opinion.

*Mr. R. Agrait Aldea* for the appellant.

*Messrs. Antonio Lens Cuena* and *Luis Mercader* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Upon the death of Eladio Rivera Colón and on August 7, 1912, his three acknowledged natural children, Emilio Rivera Vélez, Osvaldo *idem* and Juana de León,—known in this suit as Juana Rivera,—the last two being of age but legally represented by other persons, made the inventory, appraisement, partition and award of the property left by their father, which were approved by the court, protocoled in the office of a notary and recorded in the registry of property. The said proceeding included the inventory of several pieces of real property and money, as well as certain debts which the oldest heir, Emilio, took in charge.

He was also awarded sufficient property to pay the debts and to settle his own hereditary portion. Subsequently and after the heir Osvaldo had become of age, he sold to a third person the part ownership in one of the pieces of real estate which had been awarded him, and later, on August 22nd, in company with Juana Rivera, he instituted this action to have each of them adjudged owner of a third part or undivided ownership in common of the property in controversy and for the cancellation of the record of the partition of property in the registry, *supra,* in regard to two-thirds of the property referred to, on the ground that the acts on which such records were based were null and void, praying that the defendant be made to restore to them the possession of such part ownerships and to pay them a certain amount for rents received and that might be received pending the termination of the suit. The action herein was brought against Plácido Sanz Cintrón, present owner of the property, which came into his hands after various transfers and who was defended in this action of ouster by his vendor. Judgment having been rendered against the plaintiffs, this appeal therefrom was taken by Juana Rivera alone. By the failure of Osvaldo to appeal and perhaps for other reasons his rights need not be considered in this case. As no one was duly authorized to act for Juana in this behalf, the adjudication to her brother of property in payment of debts was an alienation and falls within the sanction of the law, as decided in *Longpré* v. *Díaz,* 237 U. S. 512. In *Vázquez* v. *Santalís,* 26 P.R.R. 617, we said: "The substantive rights of the minor children of Ramón Olivares y García were perhaps the same or similar to the rights of the minor child in the *Longpré Case,* namely, that the adjudication as such to Santalís was not binding on said minor children—in other words, that the said adjudication, if it had stood alone and if properly attacked, could have been destroyed or disregarded. The *Longpré Case* is not, however, determinate of the rights of a number of heirs among

themselves, *where elements other than a mere adjudication have intervened.*" (Italics supplied). We said that the *Longpré Case* did not apply where other elements had intervened, and the rest of the case shows that we had in mind matters like ratifications, confirmations and the like. There the acts of ratification took place when the complainants were of age, but here there was no such possibility or happening. Juana Rivera was still a minor when this suit was brought.

Also in *Vázquez v. Santalís, supra,* the portions of the complainants, divided or undivided, were held to be undetermined, but here Juana Rivera is clearly entitled to a one-third share of the lot in question.

In *Fernández v. Capó,* 27 P.R.R. 715, in *Santini v. Díaz,* 27 P.R.R. 746, and in *Succession of Jesús v. Pérez,* 28 P.R.R. 297, we made it clear that partition or division was not generally necessary to justify an action of revendication, and we are convinced that such a suit may be brought even as between heirs. In other words, that defendants, although they stand in the shoes 'of one or more of the heirs, can not defend in revendication against this minor. In legal effect her property has been alienated and she was incapable throughout this whole time of giving legal effect to the alleged partition or division.

The justices differ as to whether there should be any award of fruits. As a majority of the court, for different reasons, is inclined not to award fruits, and as appellant not only has not filed the assignment of error required by Rules 42 and 43 of this court but in his brief was insisting on the matter of revendication alone, did not point out how to make a calculation of fruits and did not indicate the part or parts of the record from which such a calculation could be made, the judgment will be reversed and another rendered without an award of fruits or costs.

The judgment must be reversed and another rendered declaring her to be entitled to a one-third part of the land

in question and ordering that a copy of this judgment, after it is recorded in the District Court of Arecibo, be forwarded to the Registrar of Arecibo for its due inscription.

*Reversed and substituted.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.